# United States Bankruptcy Court
## District of Massachusetts

In Re:
H N HINCKLEY & SONS, INC.
   Debtor

Chapter 7
Case No. 18-10398

DONALD R. LASSMAN,
CHAPTER 7 TRUSTEE,
   Plaintiff,

  v.

WAYNE M. GUYTHER, III,
LAURE ABBADY and
ELIZABETH COSGROVE,
   Defendants.

Adversary Proceeding No. 19-01139

## Defendant, Elizabeth Cosgrove's Opposition to Plaintiff's Motion for Real Estate Attachment

NOW COMES the Defendant, Elizabeth Cosgrove ("Cosgrove"), and opposes the Plaintiff's Motion for Real Estate Attachment, and as grounds herefor states:

1. Fed. R. Bankr. P. 64 incorporates Fed. R. Civ. P. 64 as the governing rule in cases of attachment. Fed. R. Civ. P. 64 provides that the remedies available under state law shall apply.

2. In Massachusetts, attachment is substantively authorized under G.L. c. 223, §42, but to obtain an attachment, the procedure set forth in Mass. R. Civ. P. 4.1 must be complied with.

3. Mass. R. Civ. P. 4.1 has two essential requirements: first, the movant must demonstrate a "reasonable likelihood that the plaintiff will recover judgment" and, second, that the application is "supported by affidavit or affidavits meeting the requirements of subdivision (h) . . . " Mass. R. Civ. P. 4.1(c).

4. Submitted herewith and incorporated herein is the Affidavit of Elizabeth Cosgrove.

<u>Discussion</u>

It is the Plaintiff's first burden to show a "reasonable likelihood" that he will recover judgment. The Plaintiff fails as to Cosgrove on Counts III, IV and V, the only counts applicable to Cosgrove.

A. <u>Count III (Recovery of Loans Due by Elizabeth)</u>.

First, Cosgrove expressly states that except for money she received in recent years which was compensation for services as an employee, no money she ever received from the Company was in the nature of a loan – rather, she understood such money to be a dividend or stockholder distribution. <u>Cosgrove Affidavit, ¶13.</u> Specifically, with respect to the last 5 or 6 years of the Company's operation, the only money she received was compensation as an employee. <u>Cosgrove Affidavit, ¶6.</u> The Trustee, in contradistinction, relies solely upon the bare representations by Wayne Guyther set forth in the bankruptcy schedules of the Company. <u>Complaint, ¶13.</u> The Plaintiff fails to provide any further evidence of these alleged loans. Cosgrove neither signed any loan documents, nor ever made any verbal promises to repay such money. <u>Cosgrove Affidavit, ¶13.</u>

At this point, it is at best a 50/50 chance of recovery due to the divergent claims of Wayne Guyther and Cosgrove. Accordingly, the Trustee fails to demonstrate a "reasonable likelihood" that he will recover on Count III (Recovery of Loans due by Elizabeth) and the motion should be denied.

B. <u>Count IV (Breach of Fiduciary Duty as to Family Defendants regarding Nelson).</u>

This count seeks to hold Cosgrove liable to pay over to the Company debts of Nelson Guyther allegedly owed to the Company from the assets of Nelson's estate.

The Plaintiff's claim, however, fails to identify precisely the fiduciary position in which Cosgrove stands in this regard. As the Plaintiff is undoubtedly aware there was one and only one personal representative of Wayne Guyther. <u>Complaint ¶¶20, 21; Cosgrove Affidavit, ¶14.</u>

All that the Plaintiff can provide is a bare allegation that Cosgrove as one of the "family defendants owed the Debtor fiduciary duties . . ." The Plaintiff fails – either in his complaint or memorandum – to provide any authority for that proposition as it applies to payment of Nelson's alleged debts.[1]

---

[1] Cosgrove cannot speak, of course, to the substantive claims that the Company made loans to Nelson, but the inference can be made that, like Cosgrove, no moneys that were paid to Nelson were in the nature of a loan subject to repayment.

Without the demonstration of the nature of the fiduciary duty allegedly owed by Cosgrove in respect of Nelson's estate, the Plaintiff cannot demonstrate the likelihood that he will recover judgment on Count IV and the motion should be denied.

C.    Count V (Breach of Fiduciary Duty as to Family Defendants regarding the Insider Loans).[2]

Similar to Count IV, the Plaintiff fails to identify precisely the nature of the fiduciary duty which Cosgrove owed to the Company, vis a vis, the alleged "Insider Loans."

To be sure, Cosgrove acknowledges general duties of care, loyalty and good faith and fair dealing on the part of a director to the corporation.  The Plaintiff does not specify which duty is breached with regard to specific alleged transactions.

Assuming, *arguendo,* that the alleged obligations to the Company are indeed loans,[3] then the obligation of Cosgrove to repay that is not a fiduciary duty – rather, it would be a contractual duty to repay in accordance with the loan terms.

Alternatively, if the monies paid were simply "transfers or other advances," then the Plaintiff might recover these monies as a transfer to an insider within one year pursuant to 11 U.S.C. §547(b)(4)(B).  The Company listed no transfers to Cosgrove within that one year period under Question 4 of the Company's Statement of Financial Affairs.  Rather, the Company only listed Cosgrove under Question 30 in the amount of $53,165.48 for "(Total Weekly Pay During Period) Net Compensation."  Cosgrove agrees with this as set forth in her Affidavit.  Cosgrove Affidavit, ¶6.  Since any money paid to Cosgrove during the one year period was weekly compensation, the Plaintiff cannot recover the same under 11 U.S.C. §547(c)(1) or (2).  Of course recovery of any amounts paid more than one year from filing of the Company's petition is barred.

Accordingly, the Plaintiff cannot demonstrate a likelihood of recovery under Count V of the complaint and Plaintiff's motion should be denied.

Conclusion

For the foregoing reasons, Cosgrove respectfully requests that the Plaintiff's Motion for Real Estate Attachment be denied

---

[2] Although this is denominated as a second Count IV in the Complaint, Cosgrove infers that this was a typographical error and should properly be denominated Count V.

[3] The Company's Schedule A simply describes the alleged obligation as loans.

DATED this 22nd day of November, 2019.

Defendant,
Elizabeth Cosgrove,
By her attorney,


/s/ J. Alexander Watt
J. Alexander Watt
3267 Main Street, P.O. Box 881
Barnstable, MA  02630
(508) 362-1900
BBO #:  567994
attorney@jalexanderwatt.com


## CERTIFICATE OF SERVICE

I, J. Alexander Watt, attorney for the Defendant, Elizabeth Cosgrove, hereby certify that I have forwarded a copy of the foregoing **DEFENDANT ELIZABETH COSGROVE'S OPPOSITION TO PLAINTIFF'S MOTION FOR REAL ESTATE ATTACHMENT** by mailing copies of same, First Class, postage prepaid, to the following interested parties, except where service is deemed to have been given electronically by the filing hereof pursuant to MLRB Appendix 8, Rule 9:

Alex M. Rodolakis, Esq.
Fletcher Tilton, P.C.
1597 Falmouth Road, Suite 3
Centerville, MA  02632

DATED this 22nd day of November, 2019.


/s/ J. Alexander Watt
J. Alexander Watt